UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) |
| STEVEN ANTHONY HUNTER | ) CASE NO. 11-09499-JKC-13 |
| KIMBERLY LYNN HUNTER | ) |
| | ) |
| DEBTOR. | ) |

## TRUSTEE'S OBJECTION TO CONFIRMATION

Comes now Robert A. Brothers, trustee herein, and objects to confirmation of the debtor's plan, for the following reason(s):  (SEE ATTACHED CODESHEET).

WHEREFORE, after notice and hearing, your trustee requests that confirmation of the above plan be denied.

Respectfully submitted,

Date:  10/12/11

/s/ Robert A. Brothers_____
Robert A. Brothers, Trustee
151 N. Delaware St., Ste. 1400
Indianapolis, IN  46204
(317) 636-1062
(317) 636-1186 fax

## CERTIFICATE OF SERVICE

I do hereby certify that a copy of the foregoing Trustee's Objection to Confirmation has been duly served upon the following individuals, electronically or by United States mail, first-class postage prepaid, on the 12 day of October, 2011:

/s/ Robert A. Brothers_____

DISTRIBUTION:  Chapter 13 Trustee; U.S. Trustee

| | |
|---|---|
| STEVEN AND KIMBERLY HUNTER | MARK S ZUCKERBERG |
| 13880 SPRING MILL PONDS CIRCLE | 333 N PENNSYLVANIA ST STE 100 |
| CARMEL, IN 46032 | INDIANAPOLIS, IN 46204 |

TRUSTEE'S OBJECTION TO CONFIRMATION

A. The debtor has failed to timely maintain plan payments to the trustee;

B. The debtor's plan is not feasible; (Plan falls well short of required unsecured dividend. Schedules I/J also understate net business income by approximately $900.00 per month yearly income reporting also needed.)

C. The debtor has failed to appear at §341 hearing and submit to examination as required by the U.S. Bankruptcy Code;

D. The debt level in this case exceeds that allowed under 11 U.S.C. §109(e);

E. The case is ineligible to proceed under Chapter 13 due to debtor's lack of regular income;

F. The plan fails to provide all the debtor's projected disposable income as required by §1325(b)(1)(B);

G. The plan fails to meet the "Best Interest of Creditors Test" of §1325(a)(4);

H. The plan fails to liquidate allowable priority claims within the plan life as required by the U.S. Bankruptcy Code, to-wit:

I. The plan designates a class or classes of unsecured claims but unfairly discriminates against the class(es) so designated, to-wit: (Chrysler)

J. The debtor has failed to make current payments on a post-petition support obligation as required by §1307(c)(11) and §1325(a)(8).

K. The plan lacks feasibility due to the debtor's failure to make current payments outside-the-plan to the following secured lenders:

L. The plan has not been proposed in good faith as required by §1325(a)(3), to-wit:

M. The plan fails to treat, or improperly treats, the debtor's student loan payments, to-wit:

N. The plan proposes to avoid certain judicial liens or junior mortgage liens, but this result must be accomplished by motion practice or adversary proceeding.

O. The plan fails to treat the following secured creditors:

P. The debtor has failed to file delinquent federal, state and local tax returns as required by §1308;

Q. The debtor has failed to comply with S.D.Ind. B-4002-1 by not providing the trustee copies of profit and loss statements and tax returns;

R. The debtor has not shown cause to extend plan payments over a period that is longer than three (3) years {see 11 U.S.C. 1322(d)(2)};

S. The plan fails to comply with General Order 03-008 (i.e. Chapter 13 Model Plan format not used).

T. The debtor has failed to provide sufficient information to allow the trustee to provide written notice to the holder of a domestic support obligation as required by §1302(d).

U. Debtor assumes a lease in the plan, the effect of which may obligate the estate as a guarantor. The trustee does not want the estate to be liable for a post-assumption breach, therefore, he objects to confirmation. In re Benn, 362 B.R. 1 (E.D. Mich. 2007); In re Wells, 378 B.R. 557 (Bankr. S.D. Ohio 2007).

V. Other: Trustee still awaiting claim for 1st mortgage holder.